# EXHIBIT C

district court of the United States may be brought in the district wherein the defendant is found or is an inhabitant or transacts business or wherein the violation occurred or is occurring, and process in such cases may be served in any district in which the defendant is an inhabitant or wherever the defendant may be found.

"(5) INVESTIGATORY POWERS.—For purposes of bringing any civil action under this subsection, nothing in this section shall prevent the attorney general of a State from exercising the powers conferred on the attorney general by the laws of such State to conduct investigations or to administer oaths or affirmations or to compel the attendance or witnesses or the production of documentary and other evidence.

"(6) EFFECT ON STATE COURT PROCEEDINGS.—Nothing contained in this subsection shall be construed to prohibit an authorized State official from proceeding in State court on the basis of an alleged violation of any general civil or criminal statute of such State.

"(7) LIMITATION.—Whenever the Commission has instituted a civil action for violation of regulations prescribed under this section, no State may, during the pendence of such action instituted by the Commission, subsequently institute a civil action against any defendant named in the Commission's complaint for any violation as alleged in the Commission's complaint.

"(8) DEFINITION.—As used in this subsection, the term 'attorney general' means the chief legal officer of a State.".

(b) CONFORMING AMENDMENT.—Section 2(b) of the Communications Act of 1934 (47 U.S.C. 152(b)) is amended by striking "and 225" and inserting in lieu thereof ", 225, and 228".

The PRESIDING OFFICER. If there be no further debate, the question is on agreeing to the amendment of the Senator from South Carolina.

The amendment (No. 1311) was agreed to.

Mr. INOUYE. Mr. President, I rise today to voice my support for S. 1462, the Automated Telephone Consumer Protection Act offered by my good friend and colleague, Senator HOLLINGS, and S. 1410, the Telephone Advertising Consumer Rights Act offered by my other good friend, Senator PRESSLER. These bills address an urgent and pressing problem in American society—the proliferation of machine-generated and live telephone calls.

I have great respect for the telemarketing industry. Telemarketing is a useful and cost-effective tool for many merchants. But telemarketers must learn not to take advantage of their technology. They must learn to respect the privacy rights of consumers in their homes. They must learn not to tie up the telephone or fax lines of businesses without prior consent. And they must ensure that they limit the danger to emergency services.

The two bills before the Senate today, Senator HOLLINGS' bill to regulate computerized telephone calls, and Senator PRESSLER's bill to regulate calls by live persons, are reasonable attempts to protect consumers, businesses, and emergency services from unwanted telephone calls. There is overwhelming support for both of these bills, and these substitute versions reflect the substantial input of the telemarketing industry. I applaud both my colleagues for their work to protect the telephone consumer, and look forward to having these bills enacted into law before the end of this year.

Mr. BENTSEN. Mr. President, I join my colleague, the distinguished Senator from South Carolina, Senator FRITZ HOLLINGS, in supporting the immediate passage of S. 1462, the Automated Telephone Consumer Protection Act of 1991. This bill addresses an issue of great concern to many of my Texas constituents and people all over the country: The unreasonable encroachment upon their privacy by unsolicited, automated telephone calls to homes, businesses, and public institutions and by the unsolicited use of facsimile machines to transmit advertising.

Automatic dialer recorded message players are used by telemarketers to automatically dial a telephone number and deliver an artificial or prerecorded voice message. The use of these machines makes long distance telemarketing much less expensive. As a result, these machines are widely used and the telemarketing industry has grown by immense proportions.

Advertisements for all kinds of consumer products, trips, investments, credit cards, and sweepstakes are frequently communicated to home, business, and cellular telephones, as well as paging machines, through the use of automated calls. Such advertisements are also transmitted to facsimile machines. One survey found that about 75 percent of the public favor some form of regulation of these calls, and one-half of these favored prohibiting all unsolicited calls.

As Senator HOLLINGS has noted, consumer complaints about the use of these machines and the use of junk fax have steadily increased.

This bill would ban all unsolicited automated calls to the home that are not made for emergency purposes. It would also ban all automated calls to emergency telephone lines, cellular telephones, and paging systems. Furthermore, it would ban all unsolicited advertising to facsimile machines.

In spite of the traditional hesitancy of Congress to pass legislation that regulates a particular industry or technology, we must enact this bill in order to avoid the unreasonable interference with the privacy of consumers and the normal conduct of public and private business. I urge my colleagues to endorse this important legislation that will restrict the use of automated calling and junk fax, without making distinctions based upon the content of the respective communications.

The PRESIDING OFFICER. The bill is open to further amendment. If there be no further amendment to be proposed, the question is on agreeing to the committee amendment in the nature of a substitute, as amended.

The committee amendment in the nature of a substitute, as amended, was agreed to.

The PRESIDING OFFICER. The question is on the engrossment and third reading of the bill.

The bill was ordered to be engrossed for a third reading, was read the third time, and passed.

[The bill (S. 1462) will appear in a subsequent issue of the RECORD.]

Mr. HOLLINGS. Mr. President, I move to reconsider the vote.

Mr. WARNER. I move to lay that motion on the table.

The motion to lay on the table was agreed to.

The title was amended so as to read: "A bill to amend the Communications Act of 1934 to prohibit certain practices involving the use of telephone equipment.".

CHANGE OF VOTE—ROLLCALL 246

Mr. WARNER. Mr. President, I propound a unanimous-consent request which has been cleared by both the majority and Republican leader. I ask unanimous consent to change my vote from "nay" to "yea" on rollcall 246, adopting the conference report on H.R. 2707 for fiscal year 1992 Labor-Health and Human Services and Education appropriations bill. The measure was approved by a majority, 72 to 25, and the addition of an affirmative vote, making 73 to 24, will have no effect on the outcome.

The PRESIDING OFFICER. Without objection, it is so ordered.

(The foregoing tally has been changed to reflect the above order.)

Mr. HOLLINGS. Mr. President, I suggest the absence of a quorum.

The PRESIDING OFFICER. The absence of a quorum having been suggested, the clerk will call the roll.

The legislative clerk proceeded to call the roll.

Mr. BOREN. Mr. President, I ask unanimous consent that the order for the quorum call be rescinded.

The PRESIDING OFFICER. Without objection, it is so ordered.

SENATE REFORM

Mr. BOREN. Mr. President, as we come near the close of this legislative week, I again want to discuss an issue that I have been discussing now on a weekly basis in the Senate with our colleagues and with the American people. That is a need to reform Congress as an institution. All of us realize that we have serious problems with the functioning of this institution. There are constructive changes that need to be made so that we can better fulfill our responsibilities, to grapple with the problems which confront us.